Filed 5/23/24  P. v. Smith CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B321024 |
| | Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. A711739 |
| v. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| DONALD FRANKLIN SMITH, | |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT*:

This court has received the petition for rehearing filed by respondent on May 13, 2024. This court's opinion, filed April 26, 2024, is modified to add the following paragraph to the end of the discussion on page 5:

After we modified this opinion in response to Smith's petition for rehearing, the Attorney General also moved for rehearing, arguing Smith is guilty of murder under current law under the transferred intent doctrine. Under the transferred intent doctrine, "a defendant who shoots with the intent to kill a certain person and hits a bystander instead is subject to the same

criminal liability that would have been imposed had 'the fatal [shot] reached the person for whom [it was] intended." (*People v. Bland* (2002) 28 Cal.4th 313, 321.) The transferred doctrine is irrelevant to the present inquiry, however. The prosecutor did not argue transferred intent at trial and the jury was not instructed on that theory. But the jury *was* instructed on the now-discarded natural and probable consequences doctrine. As noted above, this leaves open the possibility that the jury convicted Smith of murder on count four under the natural and probable consequences doctrine. We therefore remand the matter for an evidentiary hearing on that count.

This modification does not change the judgment.

The petition for rehearing is DENIED.

_____

CURREY, P. J.          COLLINS, J.          MORI, J.

Filed 4/26/24  P. v. Smith CA2/4 (unmodified opinion)
Opinion following rehearing
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on
opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This
opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE, | B321024 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. A711739 |
| DONALD FRANKLIN SMITH, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge. Reversed and remanded with instructions.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Dana Muhammad Ali and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, a jury convicted defendant and appellant Donald Franklin Smith of two counts of first degree murder, two counts of second degree murder, and one count of attempted murder. After a penalty trial, the jury returned a verdict of death.

In 2020, Smith filed a petition for resentencing under former Penal Code section 1170.95.[1] The trial court issued an order to show cause on the second degree murder and attempted murder counts, then, following an evidentiary hearing, granted Smith relief on those counts. The court subsequently vacated the death sentence, and resentenced Smith to consecutive terms of life without the possibility of parole on the first degree murder counts.

On appeal, Smith argued the trial court erred by denying his petition on the first degree murder convictions at the prima facie stage. He further argued he is entitled to an evidentiary hearing on one of those counts (count four). In our first opinion, we rejected Smith's argument and affirmed the trial court's order denying his resentencing petition. (*People v. Smith* (Jan. 4, 2024, B321024) [nonpub. opn.] (*Smith*).)[2]

As we noted in *Smith*, the jury at Smith's murder trial was instructed on the natural and probable consequences doctrine. The basis for our conclusion in *Smith* that the record

---

1    All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. That statute provides relief for certain individuals previously convicted of murder under the natural and probable consequences doctrine.

2    In the interest of keeping this opinion concise, we incorporate our original opinion in *Smith* by reference.

2

demonstrated Smith was ineligible for relief as a matter of law on count four (despite the natural and probable consequences instruction) was as follows:

> Although it is theoretically true the[ ] instructions left open the possibility that the jury could convict Smith on count four under the natural and probable consequences doctrine, the record, viewed as a whole, demonstrates Smith is ineligible for relief as a matter of law on that count. A review of closing arguments reveals that, in regard to the murder of Brown, the prosecution did not argue Smith was guilty under the natural and probable consequences doctrine. Rather, the prosecution's sole theory concerning the murder of Brown was that Smith harbored the express intent to kill. The prosecution summarized its theory as follows: "[Y]ou have Don Smith, Johnny Settle, Leroy Wheeler and Stan Bryant going in the back room of that house, going back there and planning what is to occur, bringing guns to the crime scene and bringing gloves to the crime scene, laying out a plan to lure Andre Armstrong and James Brown over there to kill them . . . ." The prosecution's closing argument thus makes clear that the only theory of murder liability it presented to the jury was that Smith harbored the express intent to kill Brown. Because this was the only theory presented to the jury, the jury necessarily convicted Smith on that theory, not under the natural and probable consequences doctrine. In other words, the record demonstrates the jury found Smith guilty beyond a reasonable doubt of murdering Brown under current law. (See generally §§ 187, subd. (a), 188, subd. (a)(1) [express malice is a valid theory of murder liability

under current law].) He is therefore ineligible for relief as a matter of law on count four.

After we affirmed the trial court's order denying section 1172.6 relief, Smith petitioned for rehearing. In his petition for rehearing, Smith points out our colleagues in Division One recently reached a contrary holding to our holding in *Smith*. In *People v. Lee* (2023) 95 Cal.App.5th 1164, 1188 (*Lee*), Division One held as follows:

> We acknowledge that the prosecutor in closing proceeded solely on the theory that Lee personally committed a provocative act, with no suggestion that he was liable because of a provocative act committed by someone else. The jury instructions, however, were not so limited, and permitted the jury to convict Lee based on the act of a surviving accomplice. We do not know if, based on the evidence, the jury might have convicted Lee on this latter theory, because we do not have the full record before us. We therefore are unwilling to conclude, based solely on the prosecution's closing argument and summary of the evidence, that the jury necessarily convicted Lee as a provocateur as opposed to a nonprovocateur accomplice.

After reviewing Smith's petition for rehearing, we asked the Attorney General for an answer. After considering the arguments raised in Smith's petition for rehearing and the Attorney General's answer, we granted rehearing to reconsider the matter, which we now resolve anew in this opinion.

In its answer, the Attorney General argues Smith's case is different from *Lee* in that here, we have the whole record of Smith's murder trial, and we should consequently affirm the trial

4

court's order denying Smith section 1172.6 relief based on the rest of the record. This argument is unpersuasive. Although it is true Smith's case is different from *Lee* in that we have the whole record, that difference is of no consequence, because nothing else in Smith's record conclusively demonstrates ineligibility as a matter of law on count four.

The Attorney General also argues Smith's contention raised in his petition for rehearing should be forfeited because Smith could have brought *Lee* to this court's attention before this court issued its opinion in *Smith*. We are likewise unpersuaded by this argument. Our main concern in resolving this appeal is that Smith receive a section 1172.6 hearing which thoroughly conforms with the procedures set forth in the statute. We therefore decline to exercise our discretion to deem Smith's argument forfeited, and instead reach the merits of how best to resolve this case in light of *Lee*.

Although we note that the issue presented in this case is a close one, principles of uniformity in the law favor changing course and following *Lee*. Having reconsidered the matter in light of *Lee*, we remand the matter for an evidentiary hearing on count four.

## DISPOSITION

The order denying Smith section 1172.6 relief on his first degree murder convictions is reversed, and the matter is remanded for an evidentiary hearing on count four.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

6